EDWARD P. SMITH, RESPONDENT, *v.* JAMES W. FERRIS
AND CHARLES E. FERRIS, APPELLANTS.

*1 R. S., p. 515, § 64 — 2 Laws of 1847, 588 (chap. 455) — meaning of word " owner "
in —opening of highways — who entitled to compensation.*

The word " owner," as used in section 64 of 1 Revised Statutes, 514, providing that
no highway shall be opened or worked without a release by the owner of the
land, or an assessment of his damages, means the person entitled to the legal
estate in the land.

Accordingly, where an executory contract for the sale of land, through which a
highway is to be opened, has been made, it is the consent of the vendor, and
not of the vendee, which is required by the statute.

APPEAL from a judgment of the County Court of Monroe
county in favor of the plaintiff, entered upon the verdict of a jury,
and an order denying a motion for a new trial, made upon a case
and exceptions.

The action was brought to recover damages for an alleged tres-
pass on the lands of the plaintiff by the defendants, in the village
of Spencerport, in October, 1874.

The plaintiff, in May, 1872, sold the lands described in the com-
plaint to one Wm. H. Sprung, and executed a written contract for
the sale and conveyance thereof to him.

In June of 1873, Sprung, being then in possession of the lands,
made an oral agreement for the sale thereof to one Oliver H.
Deming, who paid $500 on the purchase-price, and entered into
possession of the lands with Sprung. In December, 1873, proceed-
ings were taken to lay out a highway through the said lands and
others.

Deming and wife, being in the possession and occupancy of the
lands, and other persons, applied to the commissioners of highways
of the village of Spencerport to lay out the new road, and duly
released by instruments in writing, under seal, all claim for dam-
ages by reason of laying out and opening the same.

On March 28, 1874, Sprung also consented to the laying out of
the road, and released, by a written · instrument, under seal, all
claim to damages by reason thereof.

On the 23d of February, 1874, the commissioners of highways made and filed the requisite order and survey, and proceeded to and did lay out the proposed road according to said application and to law. On April 22, 1874, Deming and wife revoked, by an instrument in writing, their application and release.

Some time in April, 1874, both Sprung and Deming suffered Smith to retake the land.

The defendant, James W. Ferris, was the superintendent of streets in the village of Spencerport. The defendant, Charles W. Ferris, was his son. They entered on the lands by direction of the trustees of the village, to open and construct the highway, in accordance with the said order and proceedings of the commissioners, and did the same in an orderly and quiet manner, and plowed a strip of land for that purpose in a proper manner; the plowing was necessary to be done, in order to construct the street.

*Martindale & Oliver*, for the appellants.

*George F. Danforth*, for the respondent.

GILBERT, J.:

We are of opinion that the term "owner of the land" was used in the statute applicable to this case (1 R. S., 515, § 64, as amended in 1847; 2 Laws 1847, 588) in its ordinary acceptation, and imports the person who is entitled in law to the legal estate in the land. Words are to be taken in the natural and obvious sense, and not in a sense unnecessarily restricted or enlarged. (STORY, J., in *Martin* v. *Hunter's Lessee*, 1 Wheat., 304.) The current of authority at the present day, is in favor of reading statutes, according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." (Per BRONSON, J., *Waller* v. *Harris*, 20 Wend., 561.) In ordinary parlance, a buyer does not become "owner" until he pays for the thing bought. While, therefore, the vendor in an executory contract for the sale of lands, is treated in equity as holding the legal title in trust for the vendee, yet this principle does not render the vendee the owner of the land in a legal sense. A person to

whom lands have been conveyed upon an express trust becomes, by virtue of such conveyance, the owner of the legal estate, although he obtains thereby no beneficial interest, and the *cestui que trusts*, who are the sole beneficiaries get only a right to enforce a performance of the trust in equity. The vendee in this case had no estate in the land. He was not, therefore, "owner of the land" within the meaning of the statute, whatever other ownership the contract conferred upon him.

This construction comports with the plain intent of the statute. Obviously the statute means, that the release shall be given by the person to whom the damages would be awarded, namely, him whose legal estate is divested. Indeed, the legislature has no power to divest a legal estate in lands without making compensation to him whose property has been thus taken. (Con., art. 1, § 6.) Where lands are taken by virtue of the right of eminent domain, the constitutional requirement to make compensation therefor is not satisfied by an award to him who has an equitable interest in the land, unless he is entitled to the whole estate of the legal owner. Consent to the opening of the highway in no manner affects the right to damages. These views would lead to an affirmance of the judgment. But the court fell into an error in informing the jury that the plaintiff must recover fifty dollars to entitle him to costs. The action belongs to a class of which justices of the peace are prohibited from taking cognizance, because the title to real property came in question. (Code, §§ 54, 62, 55.) In such cases costs are allowed to the plaintiff, of course. (Code, § 304, sub. 3.)

For this error the judgment must be reversed and a new trial granted, costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.